THE STATE OF MISSOURI, etc.; *v.* MERRITT and others.

(*Circuit Court, E. D. Missouri.* March 17, 1880.)

REMOVAL OF CAUSE—ACT MARCH 3, 1875—TERM PRIOR AND TRIAL SUBSEQUENT TO PASSAGE OF ACT.—The right to remove a cause from a state court, under the act of March 3, 1875, is lost where such cause was tried in a term which began before, but at a date which was subsequent to, the passage of that act.

Motion to remand the cause to the state court.

*Cane, Jamison & Day,* for plaintiff.

*George P. Strong,* for defendants.

McCRARY, J. This cause is brought here by removal from the circuit court of the city of St. Louis, and the motion now before us is to remand it to that court, for the reason that the petition for removal was not filed within the time prescribed by the act of congress of March 3, 1875.

The third section of that act requires that the petition for

removal shall be filed "in such state court before or at the term at which said cause could be first tried, and before trial thereof." In this case the facts are that the act of congress took effect March 3, 1875, at which time this cause was pending in the state court, which was then in session. The term of the state court began in February, 1875, several weeks before the passage of the act, and continued some months after its passage. On the tenth of March, 1875,—seven days after the passage of the act,—the case was tried, and there was verdict and judgment for the plaintiff. The cause was taken by writ of error to the court of appeals, and thence to the supreme court of Missouri, and, having been reversed, was in January last remanded to the circuit court of the city of St. Louis for re-trial. Thereupon, on January 31st last, it was, upon petition of defendant, removed to this court. Was the February term, 1875, of the said state court, "the term at which said cause could be first tried," within the meaning of the act of congress? The position of the counsel for the defendant is that the term of court intended by the statute is a term *beginning* after the passage of the act, and to sustain this view he has cited numerous authorities, which are cited in the note of this opinion. I have examined these cases and do not find that they have the effect claimed for them by counsel.

Some of them hold that where a case was tried before the passage of the act, and a new trial was granted subsequent to its passage, a petition for removal was in time if filed at any time before the first term at which such second trial could be had; and others hold that where the case was pending when the act took effect, and for one or more terms before, and the petition for removal was filed at or before the first term thereafter at which the case could be tried, it was in time. In substance, the rule established by the adjudications is that the act applies to cases pending at the time of its passage, and there shall be an opportunity to apply it to all such cases. But no case has been cited which holds the right of removal was not lost by voluntarily going to trial in the state court after the passage of the act, and I am certainly not

disposed to go to this length unless constrained by a ruling of the supreme court. The statute not only requires the petition for removal to be filed "at the term at which said cause could be first tried," but also that it be filed "before the trial thereof." If it be regarded as settled that this language refers to a trial after the passage of the act, (and no case has gone further than this,) it does not follow that it refers to a trial at a term of court *commencing* after the act was passed. By its terms, and by its evident spirit and intent, it applies to a trial after the passage of the act, but during a term of court commencing before.

The motion to remand is sustained.

NOTE.—*Meyer* v. *Delaware R. Construction Co.* U. S. Sup. Court, October term, 1879; *Am. Bible Society* v. *Grove et al.* U. S. Sup. Court, October term, 1879; *McCullough* v. *Sterling Co.* 4 Dillon, 562; *Hoadley* v. *San Francisco*, 3 Law, 553; *Crane* v. *Reeder*, 15 Albany L. J. 103; *Andrews' Ex'rs* v. *Garrett*, 2 Cent. L. J. 797; *Rain* v. *R. Co.* 3 Cent. L. J. 12.